# Exhibit A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 8 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1717*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation currently consists of fourteen actions listed on the attached Schedule A and pending in two districts as follows: ten actions in the Northern District of California and four actions in the District of Delaware.[1] Pursuant to 28 U.S.C. § 1407, plaintiffs in one Northern District of California action originally moved for centralization of this docket in their California district, but they now favor selection of the District of Delaware as transferee forum. Plaintiff in one of the Delaware actions, Advanced Micro Devices, Inc. (AMD), has stated that it does not object to centralization in the District of Delaware, so long as the Panel orders that AMD's action be allowed to proceed on a separate track within the Section 1407 proceedings. All other responding parties, (i.e, plaintiffs in eight of the nine remaining California actions, the plaintiffs in the three remaining Delaware actions, common defendant Intel Corp., and plaintiffs in various District of Delaware and Northern and Southern District of California potential tag-along actions) support centralization without qualification. With but one exception, all of these additional respondents also support designation of the District of Delaware as transferee forum. The lone dissenter on this point is the plaintiff in a Southern District of California potential tag-along action, who favors centralization in his California district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve allegations that common defendant Intel Corp. monopolized and unlawfully maintained a monopoly in the market for the microprocessing chips that serve as the "brains" of most modern computers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect

---

[1] The Panel has been notified of additional related actions recently filed in the Northern and Southern Districts of California, the District of Delaware, the Southern District of Florida, and the Eastern and Western Districts of Tennessee. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

to class certification matters), and conserve the resources of the parties, their counsel and the judiciary. Transfer under Section 1407 will have the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: i) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and ii) ensures that pretrial proceedings will be conducted in a manner leading to a just and expeditious resolution of the actions to the benefit of not just some but all of the litigation's parties. We decline to grant AMD's request to issue specific instructions that could limit the discretion of the transferee court to structure this litigation as it sees fit. As Section 1407 proceedings evolve in the transferee district, AMD may wish to renew its argument that the nature of its claims and/or its status as a litigant would warrant separate tracking for its action within the centralized MDL-1717 proceedings. That argument is one to be addressed to the transferee court, however, and not to the Panel.

In concluding that the District of Delaware is an appropriate forum for this docket, we observe that i) the district is an accessible location that is geographically convenient for many of this docket's litigants and counsel; ii) the district is well equipped with the resources that this complex antitrust docket is likely to require; and iii) the district is the near unanimous choice of all responding parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to that district and, with the consent of that court, assigned to the Honorable Joseph J. Farnan, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

### MDL-1717 -- In re Intel Corp. Microprocessor Antitrust Litigation

#### Northern District of California

*David E. Lipton, et al. v. Intel Corp.*, C.A. No. 3:05-2669
*Maria I. Prohias v. Intel Corp.*, C.A. No. 3:05-2699
*Ronald Konieczka v. Intel Corp.*, C.A. No. 3:05-2700
*Patricia M. Niehaus v. Intel Corp.*, C.A. No. 3:05-2720
*Steve J. Hamilton v. Intel Corp.*, C.A. No. 3:05-2721
*Michael Brauch, et al. v. Intel Corp.*, C.A. No. 3:05-2743
*Susan Baxley v. Intel Corp.*, C.A. No. 3:05-2758
*Huston Frazier, et al. v. Intel Corp.*, C.A. No. 3:05-2813
*Dwight E. Dickerson v. Intel Corp.*, C.A. No. 3:05-2818
*The Harman Press v. Intel Corp.*, C.A. No. 3:05-2823

#### District of Delaware

*Advanced Micro Devices, Inc., et al. v. Intel Corp., et al.*, C.A. No. 1:05-441
*Jim Kidwell, et al. v. Intel Corp.*, C.A. No. 1:05-470
*Robert J. Rainwater, et al. v. Intel Corp.*, C.A. No. 1:05-473
*Matthew Kravitz, et al. v. Intel Corp.*, C.A. No. 1:05-476